Robert M. Barta (SBN: 108205)
rbarta@bartatate.com
**BARTA | TATE**
1801 Century Park East, Suite 1200
Los Angeles, California 90067
Telephone: (310) 479-1454
Facsimile: (310) 478-1439

Brian K. Norman, Admitted Pro Hac Vice
bkn@snlegal.com
**SHAMOUN & NORMAN, LLP**
1800 Valley View Lane, Suite 200
Farmers Branch, Texas 75234
Telephone: (214) 987-1745
Facsimile: (214) 521-9033

Attorneys for Defendants
Proprietary Capital, LLC and Brandon Watts

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PRIVATE NATIONAL MORTGAGE ACCEPTANCE COMPANY, LLC. <br><br> Plaintiff, <br><br> v. <br><br> PROPRIETARY CAPITAL, LLC, a Delaware limited liability company; BRANDON D. WATTS, an individual and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:21-cv-02992-SB-AS <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## ANSWER TO FIRST AMENDED COMPLAINT

## GENERAL DENIAL

Except as otherwise expressly admitted herein, Defendants Proprietary Capital, LLC ("PropCap") and Brandon D. Watts ("Watts") (collectively referred to as "Defendants") deny each and every allegation contained in the First Amended Complaint ("Complaint"), including, without limitation, any allegations contained in the preamble, introduction, headings or subheadings of the Complaint, and specifically deny any liability to Plaintiff.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, any allegations in the Complaint to which no response is required shall be considered denied.  Defendants expressly reserve the right to amend and/or supplement this Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

Defendants answer the specific allegations of the Complaint as follows:

## NATURE OF ACTION

1.      Defendants admit that Plaintiff brings this action against Defendants.  Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegation contained in Paragraph 6 that there are profit opportunities associated with EBO loans.  Defendants deny the allegation that PropCap lacked information or expertise required to take advantage of these opportunities.  Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit that some former PennyMac employees made the decision to seek and obtain employment with PropCap.  Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit that PennyMac employees, including Watts, were compelled to use their personal computers to perform their PennyMac-related work during the COVID-19 lockdown because PennyMac did not issue personal computers to its employees.  Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendants admit that PropCap and PennyMac engaged in negotiations to do business relating to EBO loans and that Mr. Watts sent documents to PennyMac employees in connection with these negotiations.  Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendants admit that some former PennyMac employees made the decision to seek and obtain employment with PropCap.   Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

## **PARTIES, JURISDICTION, AND VENUE**

11.     Defendants lack information and knowledge sufficient to admit or deny the allegations contained in the first sentence of Paragraph 11.   Defendants deny the allegations contained in the second sentence of Paragraph 11.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit that PropCap employees Watts and other former PennyMac employees have chosen to work for PropCap and that PropCap employees have worked to expand PropCap's EBO-related business in California and elsewhere. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit that this Court has personal jurisdiction over Defendant Watts.

16.     Defendants admit that this Court currently has subject matter jurisdiction over Plaintiff's claims.

/ / /

17.     Defendants admit that venue is proper in this district.  Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

## **GENERAL ALLEGATIONS**

18.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint to the extent that they state or imply that every element of the purported "EBO Cashflow Model" constitutes "proprietary" information.  Defendants admit the allegations contained in Paragraph 33 of the Complaint to the extent they state that Watts was employed by PennyMac and successfully enhanced PennyMac's performance.

34.     Defendants deny the allegations contained in Paragraph 34 to the extent that certain inputs into the purported "EBO Cashflow Model" are publicly available or otherwise readily available.  Defendants lack information or knowledge sufficient

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

to admit or deny the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint to the extent they state or imply that all the elements of the purported "Model" provide PennyMac with a "unique advantage."  Defendants otherwise lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint to the extent they state or imply that all elements of the purported "Model"

are non-public.  Defendants otherwise lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint to the extent they state that "deal transaction documents" used in transactions with third parties constitute "non-public, proprietary" information. Defendants otherwise lack information or knowledge sufficient to admit or deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants admit that Defendant Watts signed an Employee Handbook and Code of Ethics.   Defendants otherwise deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 to the extent they state that all elements of the purported "EBO Cashflow Model" constitute trade secrets or confidential information.   Defendants admit that while Defendant Watts was an employee of PennyMac, he took part in performing analyses of EBO-related

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

transactions.  Defendants deny the remaining allegations contained in Paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in Paragraph 60 of Complaint to the extent they state that the so-called "deal transaction documents" are "proprietary and confidential property."  Defendants admit that Defendant Watts had a leadership role in Plaintiff's Servicing Investments group.  Defendants deny the remaining allegations contained in Paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in Paragraph 61 of the Complaint to the extent they state or imply that all elements of the purported "EBO Cashflow Model" constitute confidential information.  Defendants further deny the allegations contained in Paragraph 61 of the Complaint to the extent they state or imply that "deal transaction documents" used in transactions with third parties constitute confidential information.  Defendants otherwise lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 61 of the Complaint.

62.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint.

63.    Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 63 of the Complaint.

64.    Defendants admit the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants admit the allegations contained in Paragraph 65 of the Complaint to the extent they state that one aspect of PropCap's business is loan servicing for EBO purchases.  Defendants further admit the allegations contained in Paragraph 65 of the Complaint to the extent that PropCap was involved in negotiations with PennyMac involving certain transactions in EBO loans. Defendants otherwise deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants admit that Watts resigned his employment with PennyMac as of September 1, 2020.  Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

67.     Defendants admit that Defendant Watts had certain PennyMac documents on his personal computer because PennyMac employees were required to work from their homes during the COVID-19 lockdown and PennyMac did not furnish employees with personal computers.   Defendants otherwise deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants admit the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants admit that Defendant Watts sent emails to Vala Fartaj and Jon Coleman in connection with negotiations between PropCap and PennyMac

related to a potential transaction involving EBO loans. Defendants deny the allegation contained in Paragraph 70 of the Complaint that such emails attached an "EBO model replica." Defendants lack information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit that Defendant Watts sent emails to PennyMac employees in connection with negotiations between PropCap and PennyMac related to a potential transaction involving EBO loans. Defendants otherwise lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegation contained in Paragraph 72 that Defendant Watts attached an "EBO model copy" to emails sent to PennyMac employees in connection with negotiations between PropCap and PennyMac related to a potential transaction involving EBO loans. Defendants admit that the communications between Defendant Watts and PennyMac employees contained the assumptions and cashflows developed by PropCap relating to EBO loans. Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73. Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 74 of the Complaint.

12

75.     Defendants deny the allegations contained in the Complaint that Defendant Watts used a "replica" of the purported "EBO Cashflow Model" and that PropCap and Watts were incapable of developing a model relating to EBO loans. Defendants lack sufficient information or knowledge sufficient to admit or deny the allegation that the information supplied by Defendant Watts "track[s] the PennyMac EBO Cashflow Model exactly, down to 16 decimal places."  Defendants deny the remaining allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants admit that PropCap has made a lawful effort to build its EBO loan business.   Defendants deny the remaining allegations contained in Paragraph 78 of the Complaint.

79.     Defendants admit the allegations contained in Paragraph 79 of the Complaint that certain former PennyMac employees have chosen to work for PropCap.  Defendants deny the remaining allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

/ / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## COUNT ONE

**Violation of Defend Trade Secrets Act (DTSA), 18 U.S.C. section 1836 *et seq.***

81.     Defendants incorporate by reference its answers to all previous allegations.

82.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint to the extent they state or imply that "deal transaction documents" constitute trade secrets or confidential information.   Defendants otherwise lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint to the extent they state or imply that "deal transaction documents" constitute trade secrets or confidential information.   Defendants otherwise lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 86 of the Complaint.

/ / /

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint to the extent they state or imply that "deal transaction documents" constitute trade secrets or confidential information. Defendants otherwise lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants admit that Plaintiff seeks temporary, preliminary, and permanent injunctive relief. Defendants deny that they have harmed or continue to harm Plaintiff through any unlawful conduct.

/ / /

/ / /

/ / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

# COUNT TWO

## Violation of California Uniform Trade Secrets Act (CUTSA),

## California Civil Code section 3426, *et seq.*

94.     Defendants incorporate by reference their answers to all previous allegations.

95.     Defendants deny the allegations contained in Paragraph 95 to the extent they state or imply that "deal transaction documents" constitute trade secrets. Defendants further deny the allegations contained in Paragraph 95 to the extent they state or imply that every element of the purport "EBO Cash Model" constituted a trade secret.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 97 to the extent these allegations state or imply that Plaintiff took legally sufficient measures to maintain the secrecy of the purported "EBO Cashflow Model" and "deal transaction documents."  Defendants deny the allegations contained in Paragraph 97 to the extent they state or imply that the "deal transaction documents" are trade secrets.  Defendants further deny the allegations contained in Paragraph 97 to the extent they state or imply that every element of the purported "EBO Cashflow Model" constitutes a trade secret.  Defendants deny the remaining allegations contained in Paragraph 97 of the Complaint.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

98.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 99 of the Complaint.

100.   Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.   Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.   Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.   Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.   Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.   Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.   Defendants deny the allegations contained in Paragraph 106 of the Complaint.

/ / /

/ / /

/ / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**THIRD CLAIM FOR RELIEF**

**Violation of California Business & Professions Code section 17200,** *et seq.*

107.    Defendants incorporate by reference their answers to all previous allegations.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    Defendants admit that certain former PennyMac employees chose to become employees of PropCap.  Defendants otherwise deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

As and for Defendants' Affirmative Defenses to the Complaint, Defendants hereby assert the following:

/ / /

First Affirmative Defense

1.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

Second Affirmative Defense

2.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

Third Affirmative Defense

3.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

Fourth Affirmative Defense

4.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, as Plaintiff misappropriated its purported "EBO Cashflow Model" from other parties, including Black Knight Servicing Technologies, LLC.

Fifth Affirmative Defense

5.　　Plaintiff's claims are barred, in whole or in part, because the purported "EBO Cashflow Model" does not constitute a trade secret or confidential information.

Sixth Affirmative Defense

6.　　Plaintiff's claims are barred, in whole or in part, because the "deal transaction documents" do not constitute a trade secret or confidential information.

/ / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

<u>Seventh Affirmative Defense</u>

2

3

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed

4

to take sufficient steps to maintain the secrecy of the purported "EBO Cashflow

5

Model."

6

<u>Eighth Affirmative Defense</u>

7

8

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed

9

to take sufficient steps to maintain the secrecy of the "deal transaction documents."

10

<u>Ninth Affirmative Defense</u>

11

12

9.      Plaintiff's claims are barred, in whole or in part, because Defendants'

13

analytical framework for the analysis of EBO loans was developed independently of

14

Plaintiff's purported "EBO Cashflow Model."

15

16

<u>Tenth Affirmative Defense</u>

17

10.     Plaintiff's claims are barred, in whole or in part, because Defendants'

18

transactional documents were developed independently of Plaintiff's "deal

19

transaction documents."

20

21

<u>Eleventh Affirmative Defense</u>

22

23

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of

24

acquiescence.   Defendants' communications with Plaintiff about EBO loans, as

25

alleged in the Complaint, were made pursuant to a non-disclosure agreement between

26

Defendants and Plaintiff.

27

28

/ / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

<u>Twelfth Affirmative Defense</u>

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

<u>Thirteenth Affirmative Defense</u>

13.     Plaintiff's claims are barred because Defendants never acquired, used, or disclosed any trade secret or confidential information of Plaintiff for their own profit or benefit.

<u>Fourteenth Affirmative Defense</u>

14.     Plaintiff's claims are barred because the decision of former PennyMac employees to become employed by PropCap is not unlawful and constitutes the lawful exercise of economic freedom.

<u>Fifteenth Affirmative Defense</u>

15.     Plaintiff's claims are barred, in whole or in part, because it is not unlawful for an employee to use his or her skill, knowledge or experience for the benefit of a new employer, even if the new employer is a competitor of his or her former employer.

<u>Sixteenth Affirmative Defense</u>

16.     Plaintiff's claim for unfair competition under California Business & Professions Code § 17200, *et seq.* is preempted by Plaintiff's claim under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et. seq.*

/ / /

1

<u>Seventeenth Affirmative Defense</u>

2

3

17.     Plaintiff's claims are barred, in whole or in part, because the purported

4

"EBO  Cashflow  Model"  is  derived  from  publicly  available  information  or

5

information otherwise readily available.

6

7

8

Dated: June 25, 2021

9

10

**BARTA | TATE**                                    **SHAMOUN & NORMAN, LLP**

11

 */s/ Robert M. Barta*                               */s/ J. Blair Norris*

Robert M. Barta                                      C. Gregory Shamoun

12                                                   Brian K. Norman

                                                     J. Blair Norris

13

**Attorneys for Defendants**

**Proprietary Capital, LLC and**                     **Attorneys for Defendants**

14  **Brandon Watts**                                **Proprietary Capital, LLC and**

                                                     **Brandon Watts**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT